NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
GRACE Y. PARK (SBN 239928)
gpark@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiffs*

DAWN SESTITO (SBN 214011)
dsestito@omm.com
MATTHEW R. COWAN (SBN 281114)
mcowan@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, INC.;<br>SURFRIDER FOUNDATION, INC.;<br>HEAL THE BAY, INC.; and<br>BAYKEEPER, INC.; each a California Nonprofit,<br><br>Plaintiffs,<br><br>v.<br><br>EXXONMOBIL CORPORATION, a New Jersey Corporation, and DOES 1-10,<br><br>Defendants. | CASE NO. 3:24-cv-07288-RS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT**<br><br>**Civil Local Rule 16-9**<br><br>CMC Date:    To be set<br>CMC Time:    To be set<br>Judge:       Hon. Richard Seeborg<br>Courtroom:   3 |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to the Standing Order for All Judges of the Northern District of California, Plaintiffs Sierra Club, Inc., Surfrider Foundation, Inc., Heal the Bay, Inc., and Baykeeper, Inc. ("Non-Profits") and Defendant ExxonMobil Corporation, Inc. ("ExxonMobil"), by and through their respective counsel of record, hereby jointly submit this Case Management Statement and Fed. Rule 26(f) Report and respectfully request the Court to set a Case Management Conference.

**1.   JURISDICTION AND SERVICE**

On September 23, 2024, Non-Profits filed their complaint in Superior Court of California, County of San Francisco. Non-Profits served ExxonMobil with the complaint on October 9, 2024. On October 18, 2024, ExxonMobil removed this case to this Court and served Non-Profits on October 23, 2024. Dkt. 7. ExxonMobil amended its notice of removal on November 8, 2024.

ExxonMobil is the only defendant in the case. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1332.

ExxonMobil continues to object that the Court lacks personal jurisdiction over ExxonMobil.

**2.   FACTS**

Non-Profits assert two causes of action against ExxonMobil for nuisance, Cal. Civ. Code §§ 3479, 3480 and violation of California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200, *et seq*. under the unlawful and unfair prongs of the statute.

Non-Profits assert that, to sell ever increasing amounts of single-use plastic, ExxonMobil systematically led the public to believe that plastic waste is easily and safely disposable via mechanical and advanced recycling, incineration, or landfilling, despite knowing for decades that plastic persists in the environment, causing damage to California's natural resources, flora and fauna, Californians' health, and the Non-profit's property.

ExxonMobil denies Non-Profits' allegations. ExxonMobil does not produce or distribute any consumer plastic products, but rather sells raw materials (polymers) to businesses that convert them into plastic products for other businesses or end-consumer use. ExxonMobil asserts that the handful of statements allegedly attributed to it, some of which date back to the 1960s, were not false or misleading (and not known by ExxonMobil to be false or misleading). ExxonMobil also disputes that its conduct

misled California consumers, caused a material increase in plastic consumption in California, or caused plastic pollution or any public nuisance.

**3.   LEGAL ISSUES**

The primary legal issues identified by Non-Profits include the following:

    a. Whether ExxonMobil's acts violated Cal. Civ. Code §§ 3479, 3480;

    b. Whether ExxonMobil's acts violated Bus. & Profs. Code § 17200, *et seq.* under the unlawful and unfair prongs;

    c. Whether ExxonMobil has valid defenses;

    d. Whether Californians have sustained damages and, if so, what is the proper measure of damages; and

    e. Whether injunctive or other relief is appropriate.

The primary legal issues identified by ExxonMobil include the following:

    a. Whether the alleged conduct constitutes a cognizable nuisance;

    b. Whether the gravity of the alleged nuisance outweighs the social utility of ExxonMobil's alleged conduct;

    c. Whether ExxonMobil's conduct proximately caused the alleged nuisance;

    d. Whether ExxonMobil's conduct constitutes a "substantial factor" in causing the nuisance;

    e. Whether imposing liability under California law would impermissibly regulate extraterritorial commercial activity occurring wholly outside of California—including ExxonMobil's alleged production, marketing, and advanced recycling operations;

    f. Whether Plaintiffs lack statutory standing to pursue a nuisance claim, because they have not suffered a special injury, Cal. Civ. Code § 3493;

    g. Whether Plaintiffs lack standing under California's Unfair Competition Law ("UCL"), because they did not suffer an economic injury-in-fact "as a result of" ExxonMobil's alleged conduct, Cal. Bus. & Prof. Code. § 17204;

    h. Whether Plaintiffs are entitled to the relief they seek.

//

//

**4. MOTIONS**

<u>**Prior motions**</u>

On December 9, 2024, Non-Profits filed their motion to remand this action, Dkt. 19, which the Court denied on February 24, 2025. Dkt. 27. On March 27, 2025, ExxonMobil filed its motion to dismiss the complaint, Dkt. 32, and its special motion to strike under California's Anti-SLAPP statute, Cal. Civ. Proc. Code §§ 425. 16, *et seq.* Dkt. 33. On September 5, 2025, the Court granted-in-part and denied-in-part the motion to dismiss and denied the special motion to strike. Dkt. 48. On October 3, 2025, Non-Profits filed the operative Amended Complaint, Dkt. 48, which ExxonMobil answered on November 4, 2025.

<u>**Pending Motions**</u>

None.

<u>**Anticipated Motions**</u>

None in the immediate future for Non-Profits. ExxonMobil intends to file a motion for summary judgment.

**5. AMENDMENT OF PLEADINGS**

Non-Profits do not anticipate amending the pleadings at this time, though they reserve their right to seek amendment in the future.

**6. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in these actions.

**7. DISCLOSURES**

The parties held their Rule 26(f) conference on December 8, 2025. The parties exchanged initial disclosures on January 24, 2026.

**8. DISCOVERY**

<u>**Discovery taken to date**</u>

None.

/ /

**Scope of anticipated discovery**

Discovery by Non-Profits will track the allegations in the Amended Complaint, including, but not limited to, discovery in the following areas:

- ExxonMobil's production of plastic polymers
- The makeup of those polymers
- The environmental impacts of plastic and polymers
- ExxonMobil's sales, distribution and marketing of its plastic and polymers
- ExxonMobil's relevant advertising campaigns
- Information relating to the recyclability of plastic and polymers
- Information relating to the landfilling of plastic and polymers
- Information relating to the incineration of plastic and polymers
- Information relating to the "advanced recyclability" of plastic and polymers
- ExxonMobil's knowledge relating to the disposal of its plastic and polymers
- Potential alternatives to single-use plastics

Discovery by ExxonMobil will include some of the same topics above. ExxonMobil also anticipates that discovery will include, but not be limited to, the following additional topics:

- Plaintiffs' contentions in this litigation
- Plaintiffs' statements and positions regarding plastic and plastic recycling
- State, local, and federal government statements and positions regarding plastic and plastics recycling
- The manner by which single-use plastics end up in the environment
- The benefits of plastic
- Plaintiffs' alleged injuries and damages
- Plaintiffs' standing to pursue the claims in this litigation

**Proposed limitations or modifications of the discovery rules**

The parties anticipate needing more than ten (10) depositions and request a modification of the discovery rules to permit up to thirty (30) depositions, initially.

/ /

**Report on whether the parties have considered a stipulated protective order**

The parties have met-and-conferred regarding a protective order.

Non-Profits believe that the model protective order for "Standard Cases"[1] applies to this action, as Non-Profits and ExxonMobil are not competitors. Non-Profits have reviewed ExxonMobil's proposed revisions to the model protective order for "Patent Cases," and have provided ExxonMobil their proposed revisions to the model protective order for "Standard Cases." The parties anticipate filing a stipulated protective order or seeking the Court's guidance in the next several weeks.

ExxonMobil's position is that the allegations and claims contained in the complaint implicate discovery of ExxonMobil's highly sensitive confidential and trade secret information. The Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets is therefore appropriate. ExxonMobil has provided the Non-Profits with its revisions to that model. ExxonMobil remains willing to continue to meet and confer with the Non-Profits regarding mutually-agreeable terms of a stipulated protective order and/or jointly seek the Court's guidance regarding open issues.

**9.  CLASS ACTIONS**

This is not a class action.

**10.  RELATED/OTHER CASES**

ExxonMobil filed a lawsuit in the Eastern District of Texas against Non-Profits and the California Attorney General, alleging that Non-Profits' statements were defamatory and damaged ExxonMobil's advanced recycling business. *ExxonMobil Corporation v. Bonta, et al.*, Case No. CV 25-0011 MJT (E.D. Tex.). Non-Profits' and the California Attorney General's motion to dismiss or, in the alternative, motion to transfer the action remains pending. Trial in the Eastern District of Texas is scheduled to take place on May 3, 2027.

The California Attorney General filed a related case against ExxonMobil, which was remanded to state court. *State of California v. ExxonMobil Corp.*, Case No. CV 24-7549 (N.D. Cal.). ExxonMobil's appeal of that remand order is fully briefed, pending oral argument before the Ninth Circuit Court of Appeals. Case No. 25-1674 (9th Cir.). In state court, briefing deadlines regarding ExxonMobil's motion

---

[1] https://cand.uscourts.gov/rules-forms-fees/northern-district-guidelines/model-protective-orders

to quash the California Attorney General's complaint have been vacated pending resolution of the parties' discovery disputes regarding the scope of a protective order governing the confidentiality of discovery. CGC-24-618323 (Cal. Sup. Ct.).

**11.  RELIEF**

For violations of public nuisance, Cal. Civ. Code §§ 3479, 3480, Non-Profits seek abatement solely on behalf of all Californians to eliminate the prospective harm of single-use plastic pollution. The types of abatement and the methodologies formulating an abatement plan are subject to expert opinion.[2]

For violations of public nuisance, Cal. Civ. Code §§ 3479, 3480, Non-Profits seek compensatory damages solely on behalf of all Californians for their past costs and expenses related to the investigation, remediation, and removal of single-use plastic from California's natural resources, plant and animal life, and humans. Additional types of compensatory damages and the methodologies calculating compensatory damages are subject to expert opinion.

For violations of Cal. Bus. & Prof. Code § 17200, *et seq.*, Non-Profits seek injunctive relief solely on behalf of all Californians. The types of injunctive relief and the methodologies formulating an injunctive relief plan are subject to expert opinion.

Non-Profits further seek prejudgment and post-judgment interest, costs and expenses incurred by each of the Non-Profits, and any other relief that the Court deems just and proper.

ExxonMobil does not believe Non-Profits are entitled the relief described above (including relief on behalf of all Californians) and reserve all rights to challenge the same.

**12.  SETTLEMENT AND ADR**

Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on December 8, 2025, the parties met and conferred regarding the available ADR options.  The parties agree that the case is not currently in a position for ADR, but intend to revisit ADR options at a later date.

**13.  OTHER REFERENCES**

The parties agree that the case is not suitable for reference to binding arbitration or a special master.

---

[2] "It may be that actual computation of certain categories of actual or statutory damages must await expert reports which, again in the context of this novel and complex area of law, will ultimately satisfy the Rule 26 requirements." *Concord Music Grp., Inc. v. Anthropic PBC*, No. 24-CV-03811-EKL (SVK), 2025 WL 2653636, at *2 (N.D. Cal. Sept. 16, 2025).

14. **NARROWING OF ISSUES**

The parties have not identified any issues that may be narrowed at this time, but will discuss as discovery proceeds.

15. **SCHEDULING**

**Non-Profits' Position**

Non-Profits believe that early resolution of the protective order governing the confidentiality of discovery will result in fewer disruptions to the proposed schedule. In *State of California v. ExxonMobil Corp.*, Case No. CV 24-7549 (N.D. Cal.), Non-Profits understand that negotiations regarding the protective order in that case between ExxonMobil and the California Attorney General have been ongoing since July 2025. Non-Profits further believe that trial in this action should take place before the May 3, 2027, trial in ExxonMobil's Eastern District of Texas action against the Non-Profits. That lawsuit against the Non-Profits and the California Attorney General challenge Non-Profits' statements made on the day they filed this underlying lawsuit in September 2024. Non-Profits further believe that their proposed schedule is appropriate as Non-Profits understand that ExxonMobil produced documents relevant to this action in connection with the California Attorney General's 2.5 year investigation of ExxonMobil's role in California's plastic pollution crisis.[3]

**ExxonMobil's Position**

The timeline of negotiations between ExxonMobil and the California Attorney General regarding the terms of a protective order in a separate lawsuit is not relevant. Nevertheless, those separate negotiations implicate unique issues raised by the California Attorney General's law enforcement role and have proceeded in an orderly manner in state court. ExxonMobil does not believe that resolution of the claims in this action (premised on whether ExxonMobil's manufacture and sale of plastic polymers caused a public nuisance in California) will resolve the claim in the Eastern District of Texas action (premised on whether Non-Profits' statements defamed ExxonMobil and damaged its advanced recycling business in Texas). ExxonMobil believes that additional time is warranted for fact discovery and between the dispositive motion hearing and the pretrial conference so that trial preparation can be more focused and

---

[3] https://oag.ca.gov/news/press-releases/attorney-general-bonta-announces-investigation-fossil-fuel-and-petrochemical

efficient following the ruling on ExxonMobil's summary judgment motion.

The parties' proposed schedules are below:

| Event | Non-Profits | ExxonMobil |
|---|---|---|
| **Fact Discovery Cut Off** | September 22, 2026 | December 15, 2026 |
| **Deadline to Amend Pleadings** | July 21, 2026 | July 21, 2026 |
| **Expert Disclosures** | October 20, 2026 | January 14, 2027 |
| **Rebuttal Expert Disclosures** | November 17, 2026 | February 25, 2027 |
| **Expert Discovery Cut Off** | December 1, 2026 | March 11, 2027 |
| **Dispositive and Daubert Motions** | January 5, 2027 | March 25, 2027 |
| Opposition: | February 2, 2027 | April 22, 2027 |
| Reply: | February 16, 2027 | May 13, 2027 |
| **Summary Judgment Hearing** |  | June 3, 2027 |
| **Final Pretrial Conference** | March 30, 2027 | September 1, 2027 |
| **Jury Trial** | April 20, 2027 | October 5, 2027 |

**16.  TRIAL**

Non-Profits have requested a jury trial on all such triable issues.  Plaintiffs believe that the trial will last 10-15 court days, not including jury selection.

**17.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Non-Profits disagree with ExxonMobil's contention that Intergenerational Environment Justice Fund Ltd. ("IEJF") is a litigation funder. IEJF does not have "a financial interest of any kind in the subject matter in controversy or in a party to the proceeding" or "any other kind of interest that could be substantially affected by the outcome of the proceeding." Local Rule 3-15.

ExxonMobil's position is that the parties are required to disclose non-parties funding the litigation under the Standing Order for All Judges and under Local Rule 3-15.  ExxonMobil understands that Non-Profits' litigation expenses are being paid by one or more non-parties.

**18.  PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for

the Northern District of California.

**19.   OTHER**

The parties have no other issues to raise at this time.

                                                        Respectfully submitted,

Dated: February 9, 2026        **COTCHETT, PITRE & McCARTHY, LLP**

                                        By:   */s/ Grace Y. Park*
                                                   NIALL P. McCARTHY
                                                   TYSON C. REDENBARGER
                                                   GRACE Y. PARK

                                        *Attorneys for Plaintiffs*

Dated: February 9, 2026        **O'MELVENY & MYERS LLP**

                                        By:   */s/ Dawn Sestito*
                                                   DAWN SESTITO
                                                   MATTHEW R. COWAN

                                        *Attorneys for Defendant*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Grace Y. Park, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 9, 2026, at Burlingame, California.

*/s/ Grace Y. Park*
GRACE Y. PARK