# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **EXXON MOBIL CORPORATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ROBERT ANDRES BONTA A.K.A. ROB BONTA, IN HIS INDIVIDUAL CAPACITY; SIERRA CLUB, INC.; SURFRIDER FOUNDATION, INC.; HEAL THE BAY, INC.; BAYKEEPER, INC.; AND INTERGENERATIONAL ENVIRONMENT JUSTICE FUND LTD.**<br><br>**Defendants.** | **Case No. ________________**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Exxon Mobil Corporation ("**ExxonMobil**") files this complaint (the "**Complaint**") against defendants Robert Andres Bonta a.k.a. Rob Bonta ("**Bonta**"), Sierra Club, Inc. (the "**Sierra Club**"), Surfrider Foundation, Inc. ("**Surfrider**"), Heal the Bay, Inc. ("**Heal the Bay**"), Baykeeper, Inc. ("**Baykeeper**" and, collectively with the Sierra Club, Surfrider, and Heal the Bay, the "**US Proxies**"), and Intergenerational Environment Justice Fund Ltd. (the "**IEJF**" and, when including its affiliates, the "**Foreign Interests**"). In support of its Complaint, ExxonMobil sets forth as follows:

## I. INTRODUCTION

1. This is a suit about a state office holder's abuse of the public trust. It is also a case about the corrupting influence of foreign money in the American legal system and about the sordid for-profit incentives and outright greed that tries to hide behind so-called public impact litigation.

It is about false statements by people who—while purporting outwardly to serve the public interest—instead serve private foreign interests. This lawsuit demonstrates the harm to an American company and the injury to the public trust that inevitably occur when a state attorney general like Rob Bonta, the Foreign Interests, and the US Proxies use smear campaigns (and lawfare) for politics, publicity, and private gain.

. . .

4. In a staggering reversal and in a coordinated effort, Mr. Bonta, the Sierra Club, and a collection of erstwhile recycling enthusiasts are now attacking a Texas corporation for its advanced recycling operations—operations that are part of the solution to plastic waste, not the problem. Instead of coming alongside efforts to support a developing technology and an emerging business model designed to recycle otherwise difficult-to-recycle plastics, Defendants are repeatedly and publicly attacking ExxonMobil with false accusations of being a "liar" and declarations that advanced recycling is a "myth" and a "sham."

5. Such a stunning change in position begs the question . . . why? Why would Mr. Bonta or anyone who claims to be serious about cleaning up the environment and helping solve the plastic waste issue take such extreme measures to shut down the emerging and developing advanced recycling industry? The answer is foreign influence, personal ambition, and a murky source of financing rife with conflicting business interests. With apparently no appreciation for the irony of their claim, Mr. Bonta and his cohorts are now engaging in reverse greenwashing; while posing under the banner of environmentalism, they do damage to genuine recycling programs and to meaningful innovation.

6. The IEJF is an Australian charity founded by one of the largest shareholders of an

Australian mining conglomerate that is presently competing with ExxonMobil in the Low Carbon Solutions and energy transition sector, all Foreign Interests. The IEJF retained U.S. lawyers (Cotchett, Pitre & McCarthy, LLP ("**Cotchett**")) to engage in "political activities," including filing a lawsuit against ExxonMobil. The IEJF did not want to sue in its own name; instead, the law firm's first task was to recruit and enlist willing plaintiffs to stand in for the Foreign Interests' agenda. Cotchett signed up the US Proxies—Defendants Sierra Club, Surfrider, Heal the Bay, and Baykeeper—as nothing but local placeholders, acting for the foreign business interests competing in U.S. courts rather than the marketplace. Based on their retention agreement, the scope of the representations, and this foreign involvement, the U.S. Department of Justice (the "**DOJ**") required Cotchett to register as a foreign agent. Few, if any, plaintiff's law firms have been forced by a Department of Justice to register as agents of a foreign entity.

7. Personal ambition and fundraising opportunism also motivated Defendants' about-face on recycling. Bonta, specifically, has publicly and in his personal capacity attacked ExxonMobil's character to raise money for his political campaign. While the lawyers at Cotchett have registered as foreign agents, they have also developed deep financial ties to Attorney General Bonta. The Cotchett firm itself, the four partners who were forced to register as foreign agents, and multiple other members of the firm have donated tens of thousands to Mr. Bonta's political campaign at almost the exact same time as the firm received as much or more in fees for "legal services" from the Foreign Interests.

. . .

12. Notwithstanding the efficacy of advanced recycling, Defendants have falsely disparaged ExxonMobil. Bonta said of ExxonMobil: "They are the largest producer of polymers and one of the biggest liars." He called advanced recycling "a false promise" and "a myth," and proclaimed that ExxonMobil "proposed sham solutions, and it's illegal." A representative of the Sierra Club stated in an interview, "Exxon perpetuated the myth of recyclability to keep consumers buying more and more," and posted on its website, "our environment and health were being sacrificed just to protect Exxon's bottom line," and ExxonMobil's "days of polluting with impunity are over." The Executive Director of the San Francisco Baykeeper went so far as to say, "Exxon's plastic polymers are poisoning waterways, wildlife and people," and "this stuff is killing us a little bit more every day."

13. Defendants' blatant misstatements and attacks on ExxonMobil's character are targeted at ExxonMobil's operations in Texas and are actively harming ExxonMobil's reputation, as well as its contracts with existing and prospective customers. ExxonMobil has had customers refuse to jointly promote circular polymers because of Defendants' false statements. Potential customers have also backed away from proposed transactions with ExxonMobil for the same reason.

14. To be clear, Defendants are entitled to disagree with ExxonMobil's policy and practices, and to debate these issues of public importance. As Attorney General, Mr. Bonta is entitled to file lawsuits on behalf of the State of California. This case does not challenge that conduct. Defendants are not entitled to engage in a false media campaign against ExxonMobil's reputation and character nor engage in tortious interference. It is *that* conduct that is at issue in this lawsuit.

15. ExxonMobil asserts causes of action for business disparagement, defamation, tortious interference with contract, tortious interference with prospective business relationships, civil conspiracy, and declaratory judgment and seeks, among other relief, an award of damages and an injunction requiring Defendants to retract their defamatory statements and to cease interfering with ExxonMobil's existing and prospective business relationships.