UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SIERRA CLUB, INC., et al.,<br>Plaintiffs,<br>v.<br>EXXON MOBIL CORPORATION, et al.,<br>Defendants. | Case No. 24-cv-07288-RS (LB)<br>**DISCOVERY ORDER**<br>Re: ECF No. 61 |

The plaintiffs, a group of environmental non-profits, contend that Exxon Mobil Corporation created a public nuisance by producing, distributing, and promoting plastic polymers for single-use purposes by suggesting that they are disposable when they are not.[1] The parties seek guidance on issues of privilege. The plaintiffs move the court for a protective order preventing Exxon from asking questions about topics the plaintiffs claim are privileged attorney-client communications and attorney work product, including questions seeking the "substance of the work that was done by Baykeeper in-house attorneys," plaintiffs' counsel's communications with the California Attorney General regarding the substance of the lawsuit, counsel's communications with the Intergenerational Environment Justice Fund, and discovery for a related case in the Eastern

[1] First Am. Compl. – ECF No. 48. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.



United States District Court
Northern District of California

United States District Court
Northern District of California

District of Texas that was dismissed.[2] Exxon seeks to compel nonprivileged information and the preliminary facts establishing the claimed privileges so that it can assess their application.[3]

This dispute is premature. Exxon asserts that, beyond asserting privilege, the plaintiffs have not provided the facts supporting that privilege applies to the above communications. The plaintiffs do not dispute this. The court cannot decide issues of privilege without knowing the surrounding circumstances. *See* Fed. R. Civ. P. 26(b)(5)(A) (when claiming privilege, a party must describe "the nature of the documents, communications, or tangible things not produced" that "will enable other parties to assess the claim"). By July 29, 2026, the plaintiffs must provide Exxon with the nonprivileged information supporting their claims of privilege. *See Greer v. County of San Diego*, 127 F.4th 1216, 1224 (9th Cir. 2025) ("Generally, a party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship and the privileged nature of the communication." (cleaned up)). If disputes persist after the parties have met and conferred about the applicability of privilege, the parties may file a joint letter brief (following the court's standing order) addressing the issues.

**IT IS SO ORDERED.**

Dated: July 15, 2026

LAUREL BEELER
United States Magistrate Judge

[2] Disc. Letter Br. – ECF No. 61 at 2–4.

[3] *Id.* at 4–6.