# EXHIBIT A

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FACSIMILE (650) 697-0577
www.cpmlegal.com

LOS ANGELES
SEATTLE
NEW YORK

July 29, 2026

VIA EMAIL

Dawn Sestito
Matthew R. Cowan
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
dsestito@omm.com
mcowan@omm.com

David J. Lender
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
david.lender@weil.com

Re: *Sierra Club, et al., v. ExxonMobil Corp.*, No. 3:24-cv-07288-RS (N.D. Cal.)

Counsel,

Pursuant to the Court's July 15, 2026 Discovery Order, the Plaintiffs "provide Exxon with the nonprivileged information supporting their claims of privilege." ECF No. 62.

The following outlines the Plaintiffs' confidential communications with Cotchett, Pitre & McCarthy LLP ("CPM") pertaining to obtaining legal services in this matter. Each communication was initiated between lawyers or through a prior professional relationship:

- On May 19, 2023, CPM and Sierra Club engaged in confidential communication regarding the prospect of litigation regarding the plastic pollution crisis.

- On July 6, 2023, CPM and Heal the Bay engaged in confidential communication regarding the prospect of litigation regarding the plastic pollution crisis.

- On July 14, 2023, CPM and Surfrider engaged in confidential communication regarding the prospect of litigation regarding the plastic pollution crisis.

- On August 3, 2023, CPM and Baykeeper engaged in confidential communication regarding the prospect of litigation regarding the plastic pollution crisis.

Communications involving the Plaintiffs on and after these dates are privileged. *Rocha v. Ford Motor Co.*, 811 F. Supp. 3d 1188, 1197 (S.D. Cal. 2025) ("Attorney-client communications are presumptively confidential.") (citing Cal. Evid. Code 917, 952); *Barton v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 410 F.3d 1104, 1111 (9th Cir. 2005) ("Prospective clients' communications with a view to obtaining legal services are plainly covered by the attorney-client privilege under

California law, regardless of whether they have retained the lawyer[.]"). Prior to these dates, Surfrider was an existing client of CPM and Baykeeper was represented by co-counsel in a previous joint litigation. *See Surfrider Foundation v. Martins Beach 1, LLC, et al.*, San Mateo Sup. Ct. (Case No. CIV52033).[1]

Communications with the California Attorney General's Office are subject to protection under the work product and common interest doctrines. CPM and the Attorney General's Office share a common interest, among other things, in investigation and litigation regarding the plastic pollution crisis and its effects/harms in California. CPM and the Attorney General's Office communicated pursuant to a common interest agreement as of July 13, 2023, which was documented in a common interest agreement with the Attorney General's Office on July 28, 2023. Communications between CPM and the Attorney General's Office regarding this litigation are therefore not discoverable, including communications predating the execution of a formal common interest agreement. *See Richey*, 632 F.3d at 567; *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 647 (E.D. Cal. 2014) (holding that work product protections were preserved where a "DA's Office and plaintiff [were] pursuing environmental-impact litigation based on a closely related set of facts"); *see also In re California Bail Bond Antitrust Litig.*, 778 F. Supp. 3d 1051, 1063 (N.D. Cal. 2025) ("[A] common interest agreement need not be in writing.") (internal quotation marks omitted); *OXY Resources California LLC v. Superior Ct.*, 115 Cal. App. 4th 874, 890 (2004), *as modified* (Mar. 4, 2004) (common interest exists where "the communicated information would otherwise be protected from disclosure by a claim of privilege" and the "disclosure is reasonably necessary for the accomplishment of the purpose for which the lawyer . . . was consulted"). Additionally, to the extent that any material protected by attorney-client privilege has been shared with the Attorney General's Office in connection with this litigation, it is also protected by the common interest doctrine.

Communications with Intergenerational Environment Justice Fund ("IEJF") are subject to protection under the attorney-client privilege. As you are aware based on public FARA filings, IEJF is a client "represented by [our firm] relative to plastic pollution." CPM and IEJF engaged in confidential communication on May 19, 2022. CPM's communications with IEJF beginning at that point are privileged. Communications involving IEJF are independently protected by the work product and common interest doctrines, by virtue of its role as a litigation funder. *See Cont'l Cirs. LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1022 (D. Ariz. 2020) (denying discovery of litigation funding agreements where such agreements constituted work product and the plaintiff had a common interest with the funder).

Sincerely,

*/s/ Kevin Boutin*

KEVIN BOUTIN

---

[1] Plaintiffs' communications and documents prepared in anticipation of litigation are also protected by the work product doctrine. *United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011); *Goff v. Harrah's Operating Co.*, 240 F.R.D. 659, 660 (D. Nev. 2007).

cc: Niall P. McCarthy
Tyson C. Redenbarger
Grace Y. Park