# EXHIBIT B

repeatedly and publicly attacking ExxonMobil with false accusations of being a “liar” and declarations that advanced recycling is a “myth” and a “sham.”

5. Such a stunning change in position begs the question . . . why? Why would Mr. Bonta or anyone who claims to be serious about cleaning up the environment and helping solve the plastic waste issue take such extreme measures to shut down the emerging and developing advanced recycling industry? The answer is foreign influence, personal ambition, and a murky source of financing rife with conflicting business interests. With apparently no appreciation for the irony of their claim, Mr. Bonta and his cohorts are now engaging in reverse greenwashing; while posing under the banner of environmentalism, they do damage to genuine recycling programs and to meaningful innovation.

6. The IEJF is an Australian charity founded by one of the largest shareholders of an Australian mining conglomerate that is presently competing with ExxonMobil in the Low Carbon Solutions and energy transition sector, all Foreign Interests. The IEJF retained U.S. lawyers (Cotchett, Pitre & McCarthy, LLP (“**Cotchett**”)) to engage in “political activities,” including filing a lawsuit against ExxonMobil. The IEJF did not want to sue in its own name; instead, the law firm’s first task was to recruit and enlist willing plaintiffs to stand in for the Foreign Interests’ agenda. Cotchett signed up the US Proxies—Defendants Sierra Club, Surfrider, Heal the Bay, and Baykeeper—as nothing but local placeholders, acting for the foreign business interests competing in U.S. courts rather than the marketplace. Based on their retention agreement, the scope of the representations, and this foreign involvement, the U.S. Department of Justice (the “**DOJ**”) required Cotchett to register as a foreign agent. Few, if any, plaintiff’s law firms have been forced by a Department of Justice to register as agents of a foreign entity.