United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

SIERRA CLUB, INC., et al.,

Plaintiffs,

v.

EXXON MOBIL CORPORATION, et al.,

Defendants.

Case No. 24-cv-07288-RS (LB)

**DISCOVERY ORDER**

Re: ECF No. 78

## INTRODUCTION

The plaintiffs — four California environmental nonprofits — sue Exxon Mobil Corporation over its production and marketing of single-use plastics, including its "advanced recycling" program.[1] ExxonMobil designated fourteen custodians. The plaintiffs deem that insufficient and move to compel ExxonMobil (1) to produce organizational charts, or documents sufficient to show where proposed custodians fit in the organization, from 2010 forward for eight business areas, and (2) to search the files of forty-four more custodians or, failing that, to allow "limited custodian depositions" of the fourteen that do not count against the ten-deposition limit.[2]

[1] First Am. Compl. – ECF No. 48 at 6 (¶ 11), 23–26 (¶¶ 76–85). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Disc. Letter – ECF No. 78 at 1, 4. The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

The court denies the motion, with one exception. ExxonMobil represents that it does not maintain organizational charts showing its reporting structure over time, and the court cannot order it to create them. But ExxonMobil does keep employees' job titles and organizational assignments, and it must produce that information, from 2010 forward, for its fourteen custodians and the plaintiffs' forty-four. The request for forty-four more custodians is denied without prejudice. Under Rule 26, a party seeking custodians beyond those the responding party designated must show that the additional custodians are likely to have relevant information that the designated custodians' files will not. The plaintiffs have not made that showing, and the deposition request thus is premature until the plaintiffs review any custodial production.

## STATEMENT

The parties agree that the relevant period for discovery begins January 1, 2010.[3] The plaintiffs identified eight business areas as relevant — Supply, Sales, Product Solutions, Marketing, Venture Executives, Logistics, New Market Development, and Public & Government Affairs — and more than 100 potential custodians within them.[4] ExxonMobil proposed eight custodians and then fourteen. It says the fourteen cover all eight areas at the leadership and working levels, reach beyond advanced recycling to its plastic-polymer business, and for the most part have tenures reaching back to 2010.[5] The plaintiffs narrowed their list to forty-four and submitted a table stating their basis for each; ExxonMobil's response to each appears alongside.[6] The plaintiffs' bases range from a job title and a public profile to Bates-numbered documents from ExxonMobil's production showing the person's involvement in advanced recycling, circular polymers, or sustainability review.[7] ExxonMobil's responses identify the unit each person belongs to and, for most, say that a designated custodian (usually Dave Andrew, the Vice President of New Market

[3] *Id.* at 5.

[4] *Id.* at 1–2.

[5] *Id.* at 4–5; Custodian Coverage Table, Ex. 2 to *id.* – ECF No. 78-2 at 1.

[6] Proposed Custodians Table, Ex. 1 to Joint Disc. Letter – ECF No. 78-1 at 1–13.

[7] *Id.*

United States District Court
Northern District of California

Development) sent or received the documents the plaintiffs cite or oversaw the team the person was on.[8] For the executives (the CEO, Darren Woods; a Senior Vice President, Jack Williams; a President, Mike Zamora; and current and former Presidents of Product Solutions), the plaintiffs rely on the executives' decision-making roles and, for Mr. Woods and Mr. Williams, their public statements about advanced recycling.[9] ExxonMobil estimates that the agreed search terms will yield a review population of more than 250,000 documents from its fourteen custodians.[10]

The plaintiffs also asked for organizational charts. In July, ExxonMobil's counsel said that the company "does not maintain organizational charts of the type Plaintiffs appear to be requesting." The plaintiffs pointed to charts for advanced recycling that ExxonMobil had already produced.[11] On October 5, ExxonMobil offered to "create and produce organizational charts showing where document custodians fit within the organization," but it did not produce the charts or address the plaintiffs' follow-up requests.[12] On October 23, it sent a letter (described but not attached) explaining its corporate restructurings and how the relevant business units are organized, and it attached to the joint letter a table listing, for each of the eight areas, the ExxonMobil organization that handles it and the designated custodians who cover it.[13] ExxonMobil's position is that (1) it "does not systematically create, maintain, or archive organizational charts showing its structure over time," (2) the advanced-recycling charts it produced were prepared for restructuring planning and internal presentations and do not reflect reporting lines, and (3) it "maintains only employees' job titles and organizational assignments during their tenure, not their reporting relationships."[14]

---

[8] *Id.*

[9] *Id.* at 1, 3–6 (rows 2, 8, 10, 14–15).

[10] Joint Disc. Letter – ECF No. 78 at 5–6.

[11] *Id.* at 2.

[12] *Id.*

[13] *Id.* at 2, 4 & n.4; Custodian Coverage Table, Ex. 2 to *id.* – ECF No. 78-2 at 1.

[14] Joint Disc. Letter – ECF No. 78 at 4.

## ANALYSIS

### 1. Organizational Charts

Rule 34 reaches documents in a party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). It does not require a party to create documents that do not exist. *Acosta v. JY Harvesting, Inc.*, No.: 17-CV-1225-CAB-WVG, 2017 WL 3437654, at *3 (S.D. Cal. Aug. 10, 2017). ExxonMobil represents that it does not maintain organizational charts showing reporting lines over time, and the court accepts counsel's representation. The advanced-recycling charts that ExxonMobil produced do not show otherwise: ExxonMobil explains that they were restructuring and presentation documents, and to the extent similar documents exist for the other areas, they are responsive and must be produced in the ordinary course, which ExxonMobil does not dispute. Nor does the withdrawn October 5 offer change the analysis. An offer to create charts as a compromise is not an admission that charts exist, and ExxonMobil instead supplied the information in another form.

But the plaintiffs did not ask only for charts. They asked for charts "or other documents sufficient to show where proposed document custodians fit within the organization," and ExxonMobil concedes that it keeps "employees' job titles and organizational assignments during their tenure."[15] That information exists. It is relevant to custodian selection. *Avila v. Ford Motor Co.*, 680 F. Supp. 3d 1125, 1130 (N.D. Cal. 2023); *In re Amazon Return Litig.*, 350 F.R.D. 326, 331 (W.D. Wash. 2025). Producing it for fifty-eight people is not a burden ExxonMobil claims. And it is the information the plaintiffs need to make the showing the next section requires, in particular, whether the fourteen custodians' tenures and assignments span the period and businesses at issue, which the parties dispute. The court therefore orders ExxonMobil to produce, within fourteen days, documents sufficient to show (or, if the information is not kept in a producible form, a written statement of) the job titles, organizational units, and dates for each of its fourteen designated custodians and the plaintiffs' forty-four proposed custodians from January

---

[15] *Id.* at 1, 4.

1, 2010 forward. The motion is otherwise denied as to organizational charts.[16]

**2. Additional Custodians**

**2.1 The Standard**

Parties may obtain discovery of any nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The court must limit discovery that is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). The party moving to compel has the initial burden of showing that what it seeks is relevant and proportional. *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "the test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The plaintiffs say Rule 26(b)(1)'s proportionality factors govern and ExxonMobil has shown neither duplication nor burden. *FTC v. Uber Techs., Inc.*, 351 F.R.D. 150, 152–53 (N.D. Cal. 2026); *Garner v. Amazon.com, Inc.*, No. C21-0750RSL, 2022 WL 16553158, at *2 (W.D. Wash. Oct. 31, 2022). ExxonMobil says the plaintiffs must show that its selection is "manifestly unreasonable" or "deficient" and that each proposed custodian has "uniquely relevant information that is not available from the sources already designated." *B&G Foods N.A., Inc. v. Embry*, No.

---

[16] In reaching this result, the court considered that ExxonMobil said that it has already supplied the information the plaintiffs say they need. Its October 23 letter describes how the relevant business units are organized, its Exhibit 2 maps the eight areas to its organizations and custodians, and its responses in Exhibit 1 identify the unit for each of the forty-four proposed custodians. *Id.* at 4; Custodian Coverage Table, Ex. 2 to *id.* – ECF No. 78-2 at 1; Proposed Custodians Table, Ex. 1 to *id.* – ECF No. 78-1 at 1–13. The plaintiffs do not say what that information lacks other than the form of a chart, and the court will not order ExxonMobil to create one. But the dates matter to the disputed question of whether the custodians' tenures span the period, and producing what ExxonMobil already keeps is a modest step that should narrow the next dispute.

2:20-cv-0526 KJM DB, 2024 WL 626962, at *3 (E.D. Cal. Feb. 14, 2024) (cleaned up); *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 0293 (LTS) (JCF), 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017); *CoStar Grp., Inc. v. Com. Real Est. Exch. Inc.*, No. CV 20-08819-CBM (ASx), 2022 WL 22871693, at *3 (C.D. Cal. Feb. 18, 2022).

These are not competing standards. The cases ExxonMobil cites apply Rule 26. Because the responding party usually knows best who has relevant information, it selects custodians in the first instance, and a request to add custodians is a request for discovery that must be relevant and not cumulative. Courts in this district thus ask whether the requesting party has shown that the proposed custodians are likely to have relevant information that the designated custodians' files will not. *Handloser v. HCL Am., Inc.*, No. 19-cv-01242-LHK (VKD), 2020 WL 7405686, at *2 (N.D. Cal. Dec. 17, 2020) (denying request to add executives where the showing rested on job titles and "conclusory assertions"); *Tanzer v. Salesforce, Inc.*, No. 25-cv-08862-CRB (RMI), 2026 WL 1983893, at *1 (N.D. Cal. July 8, 2026) (requesting party must show that the custodians would be "non-duplicative and gap-filling"); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-md-02843-VC (JSC), 2021 WL 10282213, at *14 (N.D. Cal. Nov. 14, 2021); *Roblox Corp. v. WowWee Grp. Ltd.*, No. 22-cv-04476-SI, 2023 WL 5507176, at *3 (N.D. Cal. Aug. 25, 2023). The plaintiffs' cases are not to the contrary. *Uber* concerned the number of custodians, not whether "any particular custodian is inappropriate." 351 F.R.D. at 153. *Garner* concerned a defendant's unsupported burden objection to running agreed searches across more custodians. 2022 WL 16553158, at *2. And *In re Facebook* applied the standard ExxonMobil advances: the special master added the CEO and COO because they likely had relevant information "not available through other data sources." 2021 WL 10282213, at *2.

The showing need not be elaborate. Evidence that a proposed custodian was a decision-maker or hub on an issue in the case, or that the designated custodians' files have gaps in time or subject, will usually do. A title, a public profile, or an inference from the size of the company will not. *Handloser*, 2020 WL 7405686, at *2.

**2.2 The Plaintiffs Have Not Made the Showing**

The plaintiffs contend that (1) ExxonMobil's fourteen custodians work almost exclusively in

United States District Court
Northern District of California

United States District Court
Northern District of California

advanced recycling, a program that began in 2021, while the claims reach ExxonMobil's promotion and sale of single-use plastics "for decades," and (2) a company with 20,000 U.S. employees must have more than fourteen people with relevant information.[17] The second point does not answer the relevant question, which is not whether other employees have relevant information but whether their files add to what the fourteen will yield. The first point is not supported by the record. ExxonMobil says, and its Exhibit 2 reflects, that its custodians include polymer marketing, sales, and supply personnel — a vice president for polypropylene products, a polymer marketing manager with roles dating to 2009, and certified- and non-certified-polymer sales personnel — and that most of its custodians' tenures reach back to 2010.[18] The plaintiffs do not identify a period or subject that the fourteen leave uncovered. Instead, they assert that there must be one. After they review the production and the title-and-assignment information ordered above, they will be able to say whether the production has gaps (few documents from before 2020, say, or about polyethylene) and who would fill them. *See Tanzer*, 2026 WL 1983893, at *1. That is the showing the cases require, and it is the kind the special master credited in *In re Facebook*, where the parties had agreed on seventy-two custodians before nine were added. 2021 WL 10282213, at *1, *5.

The individual showings in Exhibit 1 do not fill the gap. For nearly half of the proposed custodians — including the corporate supply-chain and logistics, safety, sustainability, and international and federal government-affairs personnel — the plaintiffs offer only a title and a public profile or news item.[19] That is the showing *Handloser* rejected. For the rest, the plaintiffs cite documents from ExxonMobil's production showing the person's involvement in advanced recycling, circular polymers, or sustainability review. Those documents show relevance, but they also show duplication: ExxonMobil responds, row by row, that a designated custodian (usually Mr. Andrew) sent or received the cited documents or oversaw the team the person was on, and the

[17] Joint Disc. Letter – ECF No. 78 at 2–3 & n.1 (quoting Order – ECF No. 47).

[18] *Id.* at 5; Custodian Coverage Table, Ex. 2 to *id.* – ECF No. 78-2 at 1.

[19] Proposed Custodians Table, Ex. 1 to *id.* – ECF No. 78-1 at 1–2, 9–13 (rows 2, 6, 25–26, 30–44).

plaintiffs' having found the documents in the production confirms the point.[20] Nothing in the showing suggests what else the proposed custodians' files have that the designated custodians' files do not. The plaintiffs may renew the request with specifics after their review of the production.

The plaintiffs also seek the files of ExxonMobil's CEO, a Senior Vice President on its Management Committee, and a President. Courts in this district have declined to add senior executives as custodians absent a showing that they have information that the designated custodians' files will not yield. *Roblox*, 2023 WL 5507176, at *3; *see Lauris v. Novartis AG*, No. 1:16-cv-00393-LJO-SAB, 2016 WL 7178602, at *4 (E.D. Cal. Dec. 8, 2016) (information relevant to executives' roles "would be expected to be communicated through" the designated executive custodians). The plaintiffs come closest with Mr. Woods. They cite his televised and investor-day statements defending advanced recycling and his oversight role on the Management Committee, and they argue that what he knew or was told about recyclability is relevant and will not be in other custodians' files.[21] The first part is accurate but the second is a prediction. If the production from the fourteen custodians (who include the vice president who runs New Market Development) does not include the materials prepared for Mr. Woods's statements and what he was told about recyclability, the plaintiffs may renew the request. For Mr. Williams and Mr. Zamora, the plaintiffs cite emails which, ExxonMobil says, included Mr. Andrew or Mario Chavez. The same analysis applies.[22]

Finally, the proportionality factors the plaintiffs invoke do not change the result. The issues are

---

[20] *Id.* at 1–9.

[21] Joint Disc. Letter – ECF No. 78 at 3; Proposed Custodians Table, Ex. 1 to *id.* – ECF No. 78-1 at 3 (row 8).

[22] Proposed Custodians Table, Ex. 1 to Joint Disc. Letter – ECF No. 78-1 at 5–6 (rows 14–15). The court considered adding Mr. Woods now. The plaintiffs' theory is that ExxonMobil knew single-use plastics could not be recycled at scale and said otherwise. Mr. Woods made some of the statements at issue, on national television and at ExxonMobil's investor day, and he sits on the committee that oversees the company's assessments of sustainability risk. Joint Disc. Letter – ECF No. 78 at 3; Proposed Custodians Table, Ex. 1 to *id.* – ECF No. 78-1 at 3 (row 8). What he was told before he spoke (by subordinates, outside advisors, or the board) is in his files and not necessarily in the files of the Vice President of New Market Development. *See In re Facebook*, 2021 WL 10282213, at *2. That said, the court defers this determination for consideration in light of the production.

United States District Court
Northern District of California

important, the plaintiffs have less access to information, and both sides have resources. But Rule 26(b)(2)(C) requires the court to limit cumulative discovery regardless, and more than tripling a custodian set that will already yield more than 250,000 documents for review (without a showing of what the additional custodians would add) is not proportional to the needs of the case. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014).

**2.3 The Deposition Request**

The plaintiffs ask, alternatively, for leave to take "limited custodian depositions" of each of the fourteen custodians without counting them against the ten-deposition limit. Fed. R. Civ. P. 30(a)(2)(A)(i). The request is premature. The plaintiffs have not reviewed any custodial production, *see Tanzer*, 2026 WL 1983893, at *1, and the ordinary tool for learning how a company is organized and who has what information is a Rule 30(b)(6) deposition, which counts as one deposition however many witnesses the company designates. Fed. R. Civ. P. 30(a)(2)(A)(i) advisory committee's note to 1993 amendment. The request is denied without prejudice.

## CONCLUSION

The court denies the plaintiffs' motion to compel, except that ExxonMobil must produce, within fourteen days, documents sufficient to show (or a written statement of) the job titles, organizational units, and dates for each of its fourteen designated custodians and the plaintiffs' forty-four proposed custodians from January 1, 2010, forward. The request to add the forty-four custodians is denied without prejudice to a renewed request, after the plaintiffs review the production, that identifies specific custodians and the relevant, non-duplicative information their files are likely to hold. The request for custodian depositions outside the Rule 30(a)(2)(A)(i) limit is denied without prejudice. This resolves ECF No. 78.

**IT IS SO ORDERED.**

Dated: October 31, 2026

LAUREL BEELER
United States Magistrate Judge